IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GINA BANDRU-GILBREATH                                                    PLAINTIFF

       v.                    Civil No. 13-2134

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gina Bandru-Gilbreath, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed for DIB and SSI on March 10, 2011, alleging an onset date of February 25, 2011, due to osteoporosis. Tr. 20, 118-128, 161-162, 171, 181-182.  The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 60-69.  An administrative hearing was held on January 3, 2012. Tr. 34-59.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 46 years old and possessed a high school education. Tr. 39-40.  She had past relevant work ("PRW") experience as a customer service representative, appointment clerk, and routing clerk. Tr. 39, 54.

On February 17, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's chronic lower back pain, osteopenia of the left hip, and migraine headaches did not meet or equal any Appendix 1 listing. Tr. 21-24. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work. Tr. 25. He then concluded Plaintiff could return to her PRW as a customer service representative, appointment clerk, and routing clerk. Tr. 29.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 21, 2013. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 12.

## II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**III.     Discussion:**

Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review. Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992). Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court. *See Riley v. Shalala*, 18 F.3d 619, 622 (8th cir. 1994).

In the present case, the Plaintiff submitted the RFC assessment of her treating doctor, Dr. Edward Panousieris to the Appeals Council. Tr. 294-298. Dr. Panousieris indicated that the Plaintiff had been under his care since 1990. He diagnosed her with a lumbosacral compression fracture, elevated lipids, osteoporosis, hearing loss, and general anxiety disorder. And, Dr. Panousieris indicated that Plaintiff had only a fair prognosis. He opined that her chronic lower back pain was aggravated by prolonged standing, sitting, or lifting. Dr. Panousieris was of the opinion that she could rarely lift 10 pounds; occasionally lift less than 10 pounds; occasionally twist, stoop, crouch, squat, climb ladders, and climb stairs; sit for about two hours in an eight

4

hour day; stand or walk for about two hours in an eight hour day; would need a position that allowed her to shift positions at will from sitting, standing, and walking; and, would need to take one to two unscheduled breaks throughout the work day lasting 10 to 15 minutes each. He found her capable of only a low stress job due to a history of general anxiety disorder, and indicated that she would be likely to miss more than four days a month from work due to her impairments or her treatment. And, he indicated that these limitations related back to at least 2007.

When considered in combination with the medical evidence of record, we believe that this evidence would have influenced the ALJ's determination in this case. Accordingly, remand is required to allow the ALJ to consider this evidence. *Id*.

Because Dr. Panousieris indicated that he had been treating Plaintiff since 1990 and the record only contains records from his office dating back to 2010, on remand, the ALJ is also directed to obtain all records documenting Dr. Panousieris's treatment of Plaintiff. *See Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004) (It is the ALJ's responsibility "to develop the record fairly and fully, independent of the claimant's burden to press his case.").

## V.     Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of August 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)